United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

STEPHEN MONEY,

    Plaintiff,

    v.

JOHNSON & JOHNSON, et al.,

    Defendants.

Case No. 3:15-cv-03213-LB

**ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS**

[Re: ECF No. 16]

## INTRODUCTION

The plaintiff Stephen Money filed this action in state court against three defendants: (1) Johnson & Johnson; (2) Johnson & Johnson Vision Care, Inc.; and (3) Luxottica Retail North America Inc., which does business as "LensCrafters." (Complaint, ECF No. 1-2 at 4-8.[1]) After removing the case to this court, the defendants filed a motion to dismiss Mr. Money's complaint. (Motion to Dismiss, ECF No. 16.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the September 10, 2015 hearing. The court grants the defendants' motion and dismisses Mr. Money's claims without prejudice. Mr. Money may file a first amended complaint by September 30, 2015.

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER (No. 3:15-cv-03213-LB)

**STATEMENT**

On April 21, 2014, Mr. Money sued the defendants in San Francisco Superior Court for an injury caused by a defective contact lens. (*See generally* Complaint, ECF No. 1-2 at 4-8.) In a form complaint that allowed Mr. Money to check various boxes to set forth the basis for the defendants' liability, Mr. Money alleges the following:

- He purchased and used Acuvue contact lens.
- He was injured by the Acuvue contact lenses on May 3, 2013.
- "Johnson & Johnson, Inc." manufactured or assembled the Acuvue contact lenses, "Johnson & Johnson, Inc." designed and manufactured component parts supplied to the manufacturer of the Acuvue contact lenses, and all three of the defendants sold the Acuvue contact lenses to the public.
- Each of the defendants knew the Acuvue contact lenses would be purchased and used without inspection for defects.
- The Acuvue contact lenses were defective when they left the control of each defendants.
- The Acuvue contact lenses were being used in the manner intended by the defendants and in a manner that was reasonably foreseeable by the defendants as involving a substantial danger not readily apparent, and adequate warnings of the danger were not given.
- He suffered wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, and loss of earning capacity, and he seeks unspecified compensatory damages according to proof.

(*Id.* at 4, 6-7.) Based on these allegations, Mr. Money brings against all three of the defendants claims for strict products liability, negligence, and breach of implied warranty. (*Id.* at 7.)

The defendants removed the case from state court on July 10, 2015. (Notice of Removal, ECF No. 1.) On July 31, 2015, the defendants filed a motion to dismiss Mr. Money's complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). (Motion, ECF No.16.) Mr. Money filed an opposition on August 14, 2015, and the defendants filed a reply on August 21, 2015. (Opposition, ECF 20; Reply, ECF 21.)

# ANALYSIS

## I. LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

ORDER (No. 3:15-cv-03213-LB)

## II. MR. MONEY'S ALLEGATIONS ARE NOT SUFFICIENT

The defendants contend that Mr. Money's allegations do not establish plausible claims for relief. The court agrees.

The defendants argue that Mr. Money's allegations do not meet the federal pleading standards because he "alleges no facts other than the name of the product and the date of his alleged injury." (Motion, ECF No. 16 at 4.) They point out that he "does not, for example, allege facts that, if true, would show a defect in his Acuvue contact lenses, the nature and extent of [his] injuries, how [the d]efendants' conduct or product caused his injuries, or any warranties [they] made about the contact lenses." (*Id.*) In response, Mr. Money acknowledges that his allegations are few, but he contends that they are sufficient under the Federal Rules' notice pleading requirement.

While it is true that notice pleading is the standard, and a plaintiff need not plead his evidence, it also is clear that he must do more than simply state the elements of the claims he brings. That is all he did for the products liability claim, and he did not do that for his negligence and breach of implied warranty claims (presumably because the form complaint did not include boxes for them). The court of course acknowledges that the form complaint Mr. Money used is not designed for federal court, and so he cannot be faulted for conforming his allegations to the pleading standards for a court that he did not file in. But the action is in federal court now, and his allegations are not sufficient. The court thus grants the defendants' motion. Because Mr. Money may be able to allege additional facts to support his claim, the court dismisses his claims without prejudice.

## CONCLUSION

Based on the foregoing, the court grants the defendants' motion. Mr. Money's claims are dismissed without prejudice. Mr. Money may file a first amended complaint by September 30, 2015.

**IT IS SO ORDERED.**

Dated: September 8, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:15-cv-03213-LB)

4