1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                               San Francisco Division

11

12   STEPHEN MONEY,                          Case No. 3:15-cv-03213-LB

                   Plaintiff,
13                                            **ORDER GRANTING MOTION FOR**
                                              **JUDGMENT ON THE PLEADINGS**
14        v.                                  **WITH LEAVE TO AMEND**

15   JOHNSON & JOHNSON, et al.,               Re: ECF No. 41

16                 Defendants.

17                                    **INTRODUCTION**

18        The plaintiff Stephen Money sued the defendants Johnson & Johnson and Luxottica, claiming

19   violations of California state law for injuries (including pain and temporary blindness) allegedly

20   caused by the defendants' contact lenses. (First Amended Complaint ("FAC"), ECF No. 23.[1]) The

21   defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c),

22   arguing, among other things, that the 1976 Medical Device Amendments ("MDA") to the Food,

23   Drug, and Cosmetic Act preempt the plaintiffs' state-law claims. (Motion, ECF No. 41.)

24        The court finds this matter suitable for determination without oral argument under Civil Local

25   Rule 7-1(b). The plaintiff does not dispute that his state-law claims are deficient because he does

26   not allege claims that parallel federal requirements. (Opposition, ECF No. 45 at 4-10.) The court

27   _____

28        [1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page
     numbers at the tops of the documents.

thus grants the defendants' motion and grants the plaintiff leave to file an amended complaint.

## STATEMENT

In May 2013, Mr. Money "purchased Acuvue Oasys contact lenses manufactured and sold by" the defendants. (FAC, ECF No. 23, ¶ 10.) At 6:30 a.m. on May 8, 2013, he put on a new pair of the contact lenses. (*Id.* ¶ 11.) "During the day, the lenses caused a blurring of his vision." (*Id.* ¶ 12.) His eyes "began to become painful in the evening." (*Id.*) When he removed the lenses, he experienced extreme pain and became blind. (*Id.*) Over the next several days, he received hospital treatment and was "diagnosed with blindness, bilateral corneal damage, and chemical conjunctivitis." (*Id.* ¶¶ 11-15, 20-22.) By May 12, 2013, his vision improved "to where he could see but he was still very sensitive to the light." (*Id.* ¶ 15.) The contact lenses were defective due to a flaw and/or chemical contamination in the manufacturing or packaging processes. (*Id.* ¶ 17.) The defendants knew this because they recalled Oasys lenses in the past. (*Id.*) The packaging did not adequately warn that users could suffer from blindness, bilateral corneal damage, or chemical conjunctivitis. (*Id.* )

Based on these foundations, the plaintiff alleges three claims under California state law: 1) strict product liability, 2) negligence, and 3) breach of the implied warranty of merchantability. (*Id.* at 5-7.) The defendants answered and then moved for judgment on the pleadings. (Answers, ECF Nos. 33, 34; Motion, ECF No. 41.)

## ANALYSIS

After the pleadings are closed "but early enough not to delay trial," a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rules 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either 1) the lack of a cognizable legal theory or 2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on

United States District Court
Northern District of California

the pleadings is proper if, taking all of [the plaintiff]'s allegations in its pleadings as true, [the defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010).

The plaintiff does not dispute that the MDA would preempt his claims as he pleads them now. (Opposition, ECF No. 45 at 5-6.) Because he pleads generic state-law claims that do not parallel federal requirements, the court grants the defendants' motion. *See* 21 U.S.C. § 360k(a); *Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1227-28 (9th Cir. 2013) (*en banc*).

The plaintiff seeks leave to amend to plead claims that parallel federal requirements. (Opposition, ECF No. 5 at 6.) Given Rule 15(a)'s liberal standard for amendment, the court grants leave. *See* Fed. R. Civ. P. 15(a)(2); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

The defendants nonetheless argue in their reply brief that leave to amend is futile because the plaintiff's proposed amended complaint also fails to plead parallel claims. (Reply, ECF No.49 at 4.) The court thinks it better to evaluate the complaint in the context of a fully briefed challenge to it under Rule 12(b)(6) or 12(c). The plaintiff need not file his proposed complaint and instead may redraft it to address the defendants' arguments in the reply brief, including those about the sufficiency of the factual allegations under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## CONCLUSION

The court grants the motion without prejudice to the plaintiff's filing an amended complaint within 28 days from the date of this order.

**IT IS SO ORDERED.**

Dated: February 1, 2016

_____

LAUREL BEELER
United States Magistrate Judge